# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **CLARENCE SAMUELS** | **CIVIL ACTION NO. 04-859-P** |
| **VERSUS** | **JUDGE STAGG** |
| **ANGIE HUFF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT & RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Clarence Samuels ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on March 31, 2004. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he complains his civil rights were violated by prison officials. He names Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder as defendants.[2]

Plaintiff claims Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder failed to ensure that his medications for clinical depression,

---

[1] This decision is not intended for commercial print or electronic publication.

[2] Plaintiff has also named Ray Hanson as a defendant. His claims against defendant Ray Hanson will be addressed in a separate memorandum order.

migraines and hypertension were properly dispensed to him by their subordinates. He claims that as a result, he suffered periods of suicidal behavior and emotional instability. He also claims that when he filed a grievance in the administrative remedy procedure, their subordinates coerced him to withdraw it or retaliated against him. Plaintiff claims that as supervisors, Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder are liable for the constitutional violations committed by their subordinates.

As relief, Plaintiff seeks punitive, compensatory and nominal damages.

For the following reasons, defendants Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder should be dismissed from this action.

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to exhaust available administrative remedies before filing a Section 1983 suit and precludes him from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed

exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999). Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

Plaintiff filed an original complaint, numerous amended complaints and, at the instruction of the court, a restated complaint (Doc. 69). A review of those complaints shows that he has failed to exhaust administrative remedies as to his claims against defendants Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder. Despite the court's order to do so (Doc. 65), Plaintiff failed to provide documentation that he has raised his claims against Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder in the administrative grievance procedure. Thus, Plaintiff has failed to exhaust his administrative remedies as to his claims against those defendants. Accordingly, defendants Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes and Richard Stalder should be dismissed from this action without prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 30th day of November 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE