IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CLARENCE SAMUELS** | * | **CIVIL ACTION NO. 04-0859-P** |
| **VERSUS** | * | **JUDGE STAGG** |
| **ANGIE HUFF, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER[1]

Before the Court is a Motion to Compel [Doc. #102] filed by *pro se* plaintiff, Clarence Samuels ("Samuels"). For reasons stated below, Samuels' Motion to Compel is hereby **DENIED** in part and **GRANTED** in part.

### BACKGROUND

On March 31, 2004, Samuels filed a civil rights complaint against numerous prison officials employed at the David Wade Correctional Center in Homer, Louisiana.[2] Samuels alleges that, beginning on February 25, 2002, he was denied his prescription medications on numerous occasions by prison officials. According to Samuels, when he asked about his medications, the prison officials stated that he had already received his medication or that there was no medication for him. He further claims that prison officials forged his initials on the pill call sheets.

On January 8, 2007, Samuels propounded Requests for Admission, Interrogatories, and

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] All defendants except for Ray Hanson and Lonnie Hay have been dismissed from this matter without prejudice for failure to exhaust administrative remedies.

1

Requests for Production of Documents. On March 13, 2007, prior to the filing of the instant motion to compel, defendants Ray Hanson and Lonnie Hay (collectively "Defendants") sought and were granted an extension of time in which to respond to Samuels' discovery requests. Defendants were ordered to respond to the requests by March 29, 2007. Samuels prematurely filed the instant motion to compel on March 15, 2007. Subsequently, the defendants provided their responses to Samuels' Requests for Admission and Interrogatories within the time frame specified in the order. Therefore, to the extent Samuels' motion to compel relates to the propounded Requests for Admission and Interrogatories, it is hereby DENIED as moot. However, in a supplemental memorandum filed on March 30, 2007, [Doc. #104] Samuels pointed out that the defendants did not produce all of the documentation he requested in the Requests for Production of Documents. The Court will therefore address the motion as it relates to the unproduced documentation.

Request for Production No. 1

In connection with Request for Production No.1, Samuels seeks an order compelling the defendants to produce any and all pill sheets pertaining to him dating from February 1, 2002, to the present. The defendants produced the pill sheets pertaining to Samuels dating from February 1, 2002, to December 2002; however, they objected to the production of the remaining pill sheets on the grounds of relevancy.

The undersigned finds that Samuels is entitled to the production of all pill sheets dating from February 1, 2002, to the present. Samuels has alleged that he was denied his prescription medications by prison officials on numerous occasions spanning from February 2002 to May 2004. Thus, taken in the light most favorable to the *pro se* plaintiff herein, Samuels' claims are sufficient to constitute an allegation of an ongoing denial of his right to his prescription medication and the documentation sought is relevant. Therefore, Samuels' Motion to Compel the

production of his pill sheets is **GRANTED** and Defendants are **ORDERED** to provide same within fifteen (15) days of the date of this order.

Request for Production No. 3

Regarding Request for Production No. 3, Samuels seeks an order compelling the defendants to produce any and all precautions, warnings, and contraindications pertaining to all medications prescribed to Samuels during his incarceration at David Wade Correctional Center or, in the alternative, only the warnings, precautions, and contraindications for Prozac and Elavil. The defendants again object on the ground of relevancy. In light of Samuels' allegation that inconsistent receipt of Prozac and Elavil can, and in his case did, cause suicidal behavior, that the warnings, precautions, and contraindications supplied with these drugs so state, and that the defendants were aware of the dangers alleged, the undersigned finds that the information requested is relevant to the claims asserted by Samuels. Samuels' Motion to Compel is **GRANTED** and Defendants are **ORDERED** to provide the requested documentation regarding Prozac and Elavil within fifteen (15) days of the date of this order.

Requests for Production No.'s 9 & 10

In connection with Requests for Production No.'s 9 and 10, Samuels seeks an order compelling the defendants to produce his complete medical records and mental health records. The defendants object on the grounds of relevance. The undersigned finds that the records are relevant to the issues of causation and damages and that Samuels is entitled to the production of a legible copy of his medical and mental health records. Given Samuels' allegation that numerous medical and psychological effects resulted from his not receiving his medication, such records are relevant to the claims asserted. Samuels' Motion to Compel production of his medical and mental health records is **GRANTED** and Defendants are **ORDERED** to provide Plaintiff with a complete copy of both his medical and mental health records within fifteen (15) days of the date

3

of this order.

      THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of April, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE