UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE SAMUELS | CIVIL ACTION NO. 04-0859 |
| versus | JUDGE STAGG |
| ANGIE HUFF, ET AL | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

**Introduction**

Before the court are three motions: (1) Plaintiff's **Motion for Order to Show Cause (Doc. 119)** seeking contempt or other sanctions against Defendants for alleged discovery abuses; (2) Plaintiff's **Motion for Judgment by Default (Doc. 124)** seeking a default judgment due to Defendants' alleged discovery abuses; and (3) Defendants' **Motion to Modify Court's Order (Doc. 128)**. For the reasons that follow, Defendants' Motion to Modify is granted (in part), and Plaintiff's Motion for Order to Show Cause and Motion for Judgment by Default are denied.

**Magistrate Judge Hayes' Order**

Plaintiff alleges that, beginning in 2002, he was denied prescription medication by prison officials. Doc. 69. In response to a Motion to Compel (Doc. 102) filed by Plaintiff, Magistrate Judge Hayes entered a Memorandum Order (Doc. 110) that (i) ordered Defendants to produce to Plaintiff all "pill sheets" dating from February 1, 2002 to the present; (ii) ordered Defendants to provide all precautions, warnings and contraindications pertaining to the Prozac and Elavil prescribed to Plaintiff during his incarceration at David

Wade Correctional Center; and (iii) ordered Defendants to produce Plaintiff's complete medical and mental health records. Defendants subsequently filed a Motion to Seal the Mental Health Records (Doc. 112) which was granted by Judge Hayes pursuant to an electronic order entered on May 16, 2007. Defendants subsequently filed a "Notice of Compliance" (Doc. 113) wherein they asserted that they had complied with Judge Hayes' Memorandum Order.

**Defendants' Motion (Doc. 128)**

In their **Motion to Modify Court's Order (Doc. 128)**, Defendants allege that Plaintiff has been in the custody of the Louisiana Department of Public Safety and Corrections and confined at various state correctional facilities since 1990. Defendants argue that all of Plaintiff's records since 1990 are not contained in Plaintiff's medical file maintained at David Wade. Defendants further argue that Plaintiff's claims of inadequate medical treatment allegedly began in the year 2002. Therefore, Defendants argue, medical records which pre-date 2002 are not relevant to the issues in this lawsuit. Accordingly, Defendants ask that Judge Hayes' Memorandum Order be modified to include only the production of medical records beginning from the year 2002, the first year Plaintiff alleges inadequate medical treatment.

Plaintiff's Memorandum in Opposition to Defendants' Motion to Modify (Doc. 133) does not respond to Defendants' contention that medical records before 2002 are irrelevant.

Instead, Plaintiff sets forth a chronology of events that Plaintiff contends illustrates Defendants' contempt of court and non-compliance with Judge Hayes' order.

Based on a thorough review of all of the claims and defenses in the case, the undersigned finds that Judge Hayes' order should be modified to require the production of Plaintiff's medical records beginning in the year 2000. That is two years before 2002, the first year that Plaintiff alleges Defendants failed to provide adequate medical treatment and prescription medication to him. Medical records for the additional two years (2000-2001) will assist the parties and the court in placing Plaintiff's medical condition in proper historical context leading up to events at issue in this lawsuit.

Plaintiff has failed to show that his medical records from 1990 to 1999 are relevant to the actual claims and defenses in this case. The court should also take into account the burden on Defendants to gather all of Plaintiff's medical records from the various correctional facilities. In light of the foregoing, **Defendants' Motion to Modify Court's Order (Doc. 128)** is granted (in part), and Judge Hayes' Memorandum Order (Doc. 110) is amended to require the production of Plaintiff's medical records beginning in the year 2000. Defendants are **ordered** to produce the additional medical records within 15 days of the date of this order.

**Plaintiff's Motions (Docs. 119 & 124)**

In light of the foregoing, the undersigned finds that Plaintiff's **Motion for Order to Show Cause (Doc. 119)** and **Motion for Default Judgment (Doc. 124)** should be denied.

Plaintiff has not satisfied the court that Defendants have acted in contempt of court or that any sanctions, including judgment by default, are appropriate at this time. Accordingly, Plaintiff's motions are **denied**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 24th day of July, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE